IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LOIS RIDDICK,<br><br>    Plaintiff,<br><br>   v.<br><br>JO ANNE B. BARNHART, Commissioner of Social Security,<br><br>    Defendant.<br>_____/ | No. C 04-2747 CW<br><br>ORDER GRANTING IN PART PLAINTIFF'S ATTORNEY'S MOTION FOR ATTORNEYS' FEES |

   Plaintiff's counsel, Tony Arjo, moves, under 42 U.S.C. § 406(b), for an award of $12,000 in attorneys' fees.  Defendant Jo Anne B. Barnhart, the Commissioner of Social Security, responds, stating that she does not object to Mr. Arjo's petition.  Plaintiff Lois Riddick, however, objects and argues that Mr. Arjo did not earn the entire fee.  Mr. Arjo did not file a reply.  The matter was decided on the papers.  Having considered all of the papers filed by the parties, the Court grants Mr. Arjo's fee request in part.

## BACKGROUND

Plaintiff applied for Social Security disability benefits in 2001. Her claim was denied. On July 6, 2004, she signed a fee agreement with Mr. Arjo. The fee agreement states that, if the Social Security Administration or federal court decides her claim favorably, she will pay Mr. Arjo twenty-five percent of the past-due benefits resulting from her claim. Two days later, Plaintiff filed this action. Because the administrative file and audio tape of Plaintiff's previous hearing could not be located, the Court remanded Plaintiff's case for reconstruction of the file and another hearing; the Court retained jurisdiction.

Upon remand, an Administrative Law Judge found that Plaintiff was disabled as of January 4, 2003. The Social Security Administration calculated Plaintiff's past-due benefits to be $52,163 and withheld $13,040.75, twenty-five percent of the past-due benefits, for payment of any approved attorneys' fees. The Court entered a final judgment affirming the decision.

On July 28, 2006, Mr. Arjo filed a motion seeking $12,000 in attorneys' fees. Included with his motion is the fee agreement he and Plaintiff signed and his time log for this case. According to the time log, Mr. Arjo spent 18.6 hours on this case, including half an hour on an Equal Access to Justice Act (EAJA) fee petition.

Defendant responded, stating that, given the procedural and substantive history of the case, and the results achieved, she did not object to counsel's petition. She noted, however, that if the Court awarded Mr. Arjo the full requested $12,000, it should order him to refund to Plaintiff the $2,957.40 in EAJA fees and costs

2

that Defendant agreed to pay him.

Plaintiff also responded, contending that Mr. Arjo did not earn the entire fee and asked the Court not to award him the full amount he requested. Plaintiff stated that she did the majority of the work in reconstructing her file and in getting her benefits. Among the documents Plaintiff submitted to verify her efforts is a letter from her doctor, stating that Plaintiff, unlike other patients, did a "tremendous amount of the work involved in her case."

## DISCUSSION

Title 42 U.S.C. § 406(b) provides:

> Whenever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment.

The attorneys' fees are payable from funds the Social Security Administration withholds from a claimant's past-due benefits for work performed by the claimant's counsel. As noted above, here, the Social Security Administration withheld $13,040.75.

In Gisbrecht v. Barnhart, 535 U.S. 789, 803 (2002), the United States Supreme Court noted that virtually every attorney representing a client in a Social Security benefits dispute includes in his or her retainer agreement a provision calling for a fee equal to twenty-five percent of the past-due benefits. This case is no exception. Gisbrecht instructs that it is the responsibility of the district courts to conduct an "independent check" to ensure that the twenty-five percent contingency fee

3

yields "reasonable results in particular cases." Id. And, "because section 406(b) requires an affirmative judicial finding that the fee allowed is 'reasonable,' the attorney bears the burden of persuasion that the statutory requirement has been satisfied." Id. at n.17. If the court finds that the amount pursuant to the contingency agreement is not reasonable, it can reduce the attorney's recovery to an amount that is reasonable. Id. at 808. Gisbrecht provides two specific examples of situations where a reduction of fees is in order: if the attorney is responsible for delay and if the benefits are large in comparison to the amount of time counsel spent on the case. Id.

Mr. Arjo argues that the $12,000 he seeks is reasonable because his requested fee is less than $13,040.75, twenty-five percent of Plaintiff's past-due benefits, and because it reflects the contingent nature of the case and the accompanying risk he took in representing Plaintiff. He notes that he was not responsible for any delay in this case and states that the requested fee is not unreasonable in light of the time spent on the case and the results, which include Plaintiff receiving ongoing monthly disability benefits and Medicare medical insurance.

But, as noted above, Mr. Arjo submitted a time log showing that he spent 18.6 hours on this case. His request for $12,000 represents an hourly rate of $645.16. Mr. Arjo fails to show that this is reasonable. To award Mr. Arjo the $12,000 he requests would be a windfall. Gisbrecht, 535 U.S. at 808 ("reviewing court should disallow 'windfall for lawyers'") (quoting Rodriquez v. Bowen, 865 F.2d 739, 747 (6th Cir. 1989)). Under Gisbrecht, the

4

Court can award Plaintiff's counsel only a reasonable fee, not a windfall.  Therefore, the Court reduces Mr. Arjo's fee to $6,000, plus the EAJA fees and costs that Defendant has agreed to pay him.

CONCLUSION

For the foregoing reasons, Plaintiff's Attorney's Motion for Attorneys' Fees Under 42 U.S.C. § 406(b) (Docket No. 15) is GRANTED IN PART.  The Court finds that $6,000 is a reasonable amount, under 42 U.S.C. § 406(b), for the time Plaintiff's counsel expended and that he does not have to refund the EAJA fees to Plaintiff.  The remaining $7,040.75 of the $13,040.75 that was withheld, however, shall be returned to Plaintiff.

IT IS SO ORDERED.

Dated:   10/11/06

CLAUDIA WILKEN
United States District Judge